91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel J. ALVAREZ-ZELAYA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70073.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1996.
Decided July 19, 1996.
 
 1
 Before: REINHARDT and HALL, Circuit Judges, and MERHIGE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Manuel J. Alvarez-Zelaya petitions for review of a an order denying his applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). Because the record does not compel a conclusion other than that reached by the Board of Immigration Appeals (BIA), we deny the petition. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1 (1992) (compelling evidence required to reverse asylum denial by BIA); Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (same).
 
 
 4
 To obtain asylum, an applicant must establish his eligibility by demonstrating that he fits the statutory definition of a refugee. Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995) (citing cases); 8 U.S.C. § 1101(a)(42)(A) (definition). Refugee status may be established by a showing of either past persecution, see Matter of Chen, Int.Dec. 3104 (BIA1989), or likely future persecution. Kazlauskas, 46 F.3d at 905 (citing cases). The next step is to consider whether the applicant is entitled to asylum as a matter of discretion, taking into account all relevant factors including, again, any likelihood of future persecution. Id.; Chen, Int.Dec. 3104. Here, the BIA determined that Alvarez had not met the threshold burden of eligibility. We agree. The facts found by the IJ and adopted by the BIA demonstrate neither past persecution nor a sufficient likelihood of future persecution.
 
 
 5
 Taking Alvarez' testimony as true, the record nevertheless supports the BIA's conclusion that Alvarez did not demonstrate past persecution. The record shows mainly that he was harassed and intimidated for refusing to join in Sandinista political organizations and militia. He received anonymous threats by telephone, one threat by a person face-to-face, and was once pursued by a Sandinista youth gang. No one in the government contacted Alvarez directly, except for one occasion when his office was vandalized, apparently by Somocistas. The investigator told Alvarez he was under suspicion, but no further action was taken. Alvarez did not participate in public demonstrations of support for the Sandinistas while he worked for them, but neither did he engage in politics or affiliate with anti-government groups, which might raise the inference that he was a political target. Evidence shows Alvarez under surveillance, but not that he was persecuted.
 
 
 6
 Finally, as to Alvarez's claim for a well-founded fear of future persecution, we note that any mistreatment in the past occurred at the hands of the Sandinistas, who no longer govern Nicaragua. The election of the Chamorro government renders Alvarez's case for a well-founded fear of future persecution still weaker than his case of past persecution.[1] Our conclusion is only reinforced by the fact that Alvarez's father, who was a member of the Liberal Party, continues to live in Nicaragua, in his own house, on a government pension, which he earned in the employ of both the Somoza and Sandinista governments. The record thus does not indicate that Alvarez's liberal sympathies would, without more, expose him to reprisals by any rogue Sandinista forces active in Nicaragua today. Alvarez left Nicaragua in 1985.
 
 
 7
 While we do not take lightly the difficulties Alvarez faced in Nicaragua, we cannot agree that these incidents amount to persecution for the purposes of asylum. A fortiori we reach the same conclusion with respect to the stricter standard required for withholding of deportation. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987). Because the record does not compel us to disagree with the reasons offered by the BIA, the PETITION is DENIED.
 
 
 
 *
 Hon. Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our recent decision in Fisher v. INS, 79 F.3d 955 (9th Cir.1996) (en banc) precludes our considering the Country Report Alvarez offers us for the first time on appeal because that document was not presented to the BIA. Id. at 963